IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FACILITY ENGINEERING SERVICES CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, and TRAVELERS INDEMNITY COMPANY,<br><br>　　　　　Defendants. | 8:20CV168<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the Motion to Intervene (Filing No. 22) filed by third-party KiewitPhelps (hereafter, "KP"). For the reasons set forth below, the motion will be granted.

BACKGROUND

This case involves the construction of the USSTRATCOM Command and Control (C2F) Replacement Facility project (the "Project") at Offutt Air Force Base outside of Omaha, Nebraska. (Filing No. 1 at CM/ECF p. 1, ¶ 6).

KP entered into a construction contract (Contract No. W9128F-12-C-0023) with the United States government acting by and through the United States Army Corps of Engineers (the "Government") for the construction of the Project. (Id). KP then executed a subcontract with the Facility Engineering Services Corporation ("FES") under which FES agreed to perform the "integrated automation" work on the Project. (Id. at CM/ECF p. 1, ¶ 8). Defendants Travelers Casualty and Surety Company of America and Travelers Indemnity Company (collectively, "the

Sureties") issued payment bonds (the "Bonds") to protect all persons supplying labor and material for work on the Project. (Id. at CM/ECF p. 1, ¶ 7).

FES alleges that the Project was substantially delayed and claims those delays were the result of KP's "improper coordination, scheduling and sequencing of work on the Project, ineffective quality control, inability to ensure adequate manpower . . . and failure to properly address Project site management issues." (Id. at CM/ECF p. 2, ¶ 9). FES claims that as a result of the foregoing, KP was in material breach of its subcontract with FES. (Id. at CM/ECF p. 2, ¶ 10). And FES further claims that the period of delay—which it alleges was 525 days—resulted in nearly two (2) million dollars in additional expenditures for the Project, for which FES has not been compensated. (Id. at CM/ECF p. 3, ¶ 12).

FES sued the Sureties on the Bonds for the amount unpaid for the services rendered for the Project. (Id. at CM/ECF p. 3, ¶¶ 20-21). FES did not name KP as a defendant in its lawsuit against the Sureties but makes allegations throughout the complaint that this matter is connected to KP's conduct and KP's alleged breach of FES's subcontract. (Id. at CM/ECF pp. 2-3, ¶¶ 9-12).

## ANALYSIS[1]

In light of the foregoing, KP seeks to intervene in this case, claiming that as the prime contractor and the principal on the Bonds, it must be allowed to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a). Alternatively, KP argues that even if it cannot intervene as of right, it should be granted permissive intervention

---

[1] Although somewhat entangled with the legal and factual analysis required under Fed. R. Civ. P. 24, many courts require a proposed intervenor to independently establish constitutional standing, which requires a showing of "(1) an injury in fact, which is an invasion of a legally protected interest that is concrete, particularized, and either actual or imminent; (2) causation; and (3) redressability." U.S. v. AGP Corn Processing, Inc., No. 8:05CV418, 2005 WL 2922064, at *1 (D. Neb. Nov. 4, 2005) (quoting Curry v. Regents of Univ. of Minn., 167 F.3d 420, 422 (8th Cir. 1999)). As is discussed more thoroughly below, KP is the prime contractor and principal on the Bonds at issue. And, it has been accused in the operative pleadings in this case of material breach of its contractual obligations to FES. KP has standing to intervene.

2

under Fed. R. Civ. P. 24(b). The court will address each in turn, construing Rule 24 liberally, "with all doubts resolved in favor of the proposed intervenor." Tweedle v. State Farm Fire & Cas. Co., 527 F.3d 664, 671 (8th Cir. 2008) (quoting South Dakota v. U.S. Dept. of Interior, 317 F.3d 783, 785 (8th Cir. 2003)).

    I.    Intervention as a Matter of Right (Fed. R. Civ. P. 24(a)(2))

Under Rule 24(a)(2), a party is entitled to intervene as a matter of right upon a showing that: (1) the party has a cognizable interest in the subject matter of the litigation; (2) the interest may be impaired as a result of the litigation; and (3) the interest is not adequately protected by the existing parties to the litigation. Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC, 485 F.3d 1006, 1008 (8th Cir. 2007) (citing Chiglo v. City of Preston, 104 F.3d 185, 187 (8th Cir.1997). In addition to the foregoing substantive showing, the party requesting intervention must additionally show that "in view of all the circumstances," the motion to intervene was promptly made. United Airlines, Inc. v. McDonald, 432 U.S. 385, 394-96 (1977).[2]

As to the first prong, the proposed intervening party must establish that it has a recognized interest in the subject litigation that is "direct, substantial, and legally protectable." U.S. v. Union Elec. Co., 64 F.3d 1152, 1159 (8th Cir. 1995). FES concedes, and the court agrees, that KP has a cognizable interest in this litigation. (Filing No. 25 at CM/ECF p. 2) (FES Opp. Brief) (noting "it is clear that KP has an interest in the subject matter of the litigation"); see also Union Switch & Signal,

---

[2] Three important factors for the court to consider in determining promptness (or timeliness) include: "(1) the reason for any delay by the proposed intervenor in seeking intervention; (2) how far the litigation has progressed before the motion to intervene is filed, and (3) how much prejudice the delay in seeking intervention may cause to other parties if intervention is allowed." Affiliated Foods Midwest Coop., Inc. v. Supervalu Inc., No. 8:16CV465, 2017 WL 473831, at *2 (D. Neb. Feb. 3, 2017) (quoting United States v. Union Elec. Co., 64 F.3d 1152, 1158-59 (8th Cir. 1995)). Here, the initial complaint was filed on May 1, 2020 (Filing No. 1). KP filed its Motion to Intervene on June 22, 2020 (Filing No. 22). There had been no answer, Rule 26(f) Meeting, or discovery at the time KP notified the court of its intent to intervene. Indeed, the court specifically set a deadline by which KP was required to file its motion for intervention, and KP complied with that deadline, (Filing Nos. 19 and 22). The court finds that given the circumstances, the motion was timely.

Inc. v. St. Paul Fire & Marine Ins. Co., 226 F.R.D. 485, 488 (S.D.N.Y. 2005) (finding it "self-evident" that a general contractor had an cognizable interest in litigation to collect on a payment bond that the general contractor purchased in connect with a construction project).

FES claims, however, that even if KP has a cognizable interest in this litigation, it does not meet the second or third prong of the intervention analysis. FES argues that KP's rights will not be impaired by disposition of this lawsuit, and the Sureties will provide adequate protection of KP's purported interests, regardless. (Filing No. 25 at CM/ECF pp. 2-3). KP disagrees, claiming that FES specifically pleaded that KP "materially breached" the FES subcontract and that litigating that issue in this matter without KP's participation would impair its right to defend against that contention. (Filing No. 23 at CM/ECF pp. 7-8).

KP further argues that should FES maintain the theory that the delays were the result of KP's conduct, the Sureties would not adequately defend KP from those allegations. (Id. at CM/ECF pp. 8-9). Indeed, KP contends that should FES prevail in this action against the Sureties, the Sureties would likely pursue KP for indemnification thereafter. (Id. at CM/ECF p. 10). Thus, KP claims that while the Sureties and KP are aligned in their opposition to FES's claims on the Bonds in a general sense, their positions are somewhat more nuanced given the possible indemnity issues. KP also argues that the Sureties have no working knowledge of the Project site or any of the factors that lead to the Project delays and would not be in an adequate position to defend against FES's claim that KP materially breached the subcontract. (Id).

The court has reviewed the law and argument on those points. However, the court need not determine whether KP meets the two contested elements of Rule 24(a)(2) intervention. Being fully advised, it is clear to the court the KP can, at

4

minimum, permissively intervene in this action. Put differently, the court need not decide if it <u>must</u> allow KP to join this action pursuant to the heightened standard in Fed. R. Civ. P. 24(a), because the court here decides that KP <u>may</u> intervene and should be allowed to intervene under the lower burden outlined in Fed. R. Civ. P. 24(b). Therefore, the court will grant intervention, in its discretion, pursuant to Fed. R. Civ. P. 24(b)(1)(B), for the following reasons.

## II. Permissive Intervention

Under Federal Rule of Civil Procedure 24(b)(1)(B), upon a timely motion, the court may allow a party to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). While the court has broad discretion to allow intervention under Rule 24(b)(1)(B), it is not unlimited. In weighing the proposed intervention, the court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Here, the parties appear to agree that KP has a claim or defense that shares a common question of law and fact with the pending action. (Filing No. 25 at CM/ECF p. 5). The court also agrees. As has been discussed throughout, FES has pleaded that KP is in material breach of the FES subcontract. And KP also has a potential indemnification duty to the Sureties, should FES prevail. (Filing No. 23 at CM/ECF pp. 7-9). Those circumstances sufficiently establish that KP has defenses that share common legal and factual questions with this lawsuit.

However, FES argues that KP's intervention will cause the type of undue delay and prejudice that preclude permissive intervention under Fed. R. Civ. P. 24(b)(3). FES claims that because KP has stated its intent to file a motion to

5

dismiss, or alternatively to stay the proceedings, the resultant delay those motions would cause is both undue and prejudicial.

As a rejoinder to FES's contentions of prejudice, KP claims that this court has previously held that "[p]rejudice is determined by evaluating whether the existing parties may be prejudiced by the delay in moving to intervene, not whether the intervention itself will cause the nature, duration, or disposition of the lawsuit to change." (Filing No. 26 at CM/ECF p. 6) (quoting Affiliated Foods Midwest Cooperative, Inc. v. Supervalu Inc., No., 2017 WL 473831, at *2 (D. Neb. Feb. 3, 2017) (citing Union Elec. Co., 64 F.3d at 1159)). While KP accurately quotes Affiliated Foods, it omits the context. The court was there determining whether the motion to intervene was timely made (pursuant to Fed. R. Civ. P. 24(b)(1)), not whether the intervention would cause undue delay under Rule Fed. R. Civ. P. 24(b)(3). The inquiry is different, and when considering Rule 24(b)(3), a court should consider whether a proposed invention would change the nature of the proceedings so dramatically as to unduly harm the original parties,. See, e.g., Union Switch & Signal, Inc., 226 F.R.D. at 491 (denying motion to permissively intervene as unduly prejudicial where intervention would create "highly complex litigation," and greatly expand the scope of discovery).

The court finds that the anticipated motion practice does not rise to the level of delay or prejudice necessary to disallow intervention under Rule 24(b)(3).[3] While allowing KP to intervene may expand the scope of this case in some regards, weighing that delay against KP's interest in this matter counsels in favor of allowing

---

[3] FES invites the court to opine of whether KP's anticipated motions will be futile and to deny intervention on that basis. (Filing No. 25 at CM/ECF p. 6). The court declines that invitation. Regardless of the motions KP may file, the court finds that KP has a sufficient right to participate generally in its own defense. See (Filing No. 24-2 at CM/ECF p. 5, ¶ 18) (outlining, pursuant to Rule 24(c), KP's statement of intent to defend itself generally as to FES's allegation of material breach).

intervention. As a result, KP will be allowed, in the court's discretion, to intervene in this case.

Accordingly, IT IS ORDERED:

1) KiewitPhelps' Motion to Intervene (Filing No. 22) is granted.

2) The Clerk is directed to add KiewitPhelps as an Intervenor Defendant in this case.

3) FES's Motion to Reconsider (Filing No. 20) is denied, and in accordance with the court's previous order at Filing No. 19, the deadline to answer or respond to FES's complaint is September 8, 2020.

Dated this 26th day of August, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge