IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, FOR THE USE AND BENEFIT OF FACILITY ENGINEERING SERVICES CORPORATION,<br><br>                Plaintiff,<br><br>    v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, and TRAVELERS INDEMNITY COMPANY,<br><br>                Defendants,<br><br>    and<br><br>KIEWITPHELPS,<br><br>                Intervenor Defendant. | 8:20CV168<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on defendants Travelers Casualty and Surety Company of America and Travelers Indemnity Company (collectively, "Travelers") and intervenor defendant KiewitPhelps's ("Kiewit" and with Travelers, "defendants") Motion to Dismiss or, in the alternative, to Stay (Filing No. 28). *See* Fed. R. Civ. P. 12(b)(6). Plaintiff Facility Engineering Services Corporation ("FESC")[1] responds (Filing No. 33) that dismissal is unwarranted and a stay unnecessary. For the reasons stated below, the defendants' motion to dismiss is denied; their motion to stay is granted.

---

[1]This case arises under the Miller Act, 40 U.S.C. § 3131 *et seq.*, which requires FESC to bring this action "in the name of the United States for the use of the person bringing the action," *id.* § 3133(b)(3)(A).

I.  **BACKGROUND**[2]

On August 16, 2012, Kiewit entered into a contract ("contract") with the United States Army Corps of Engineers for the construction of the U.S. Strategic Command replacement facility at Offutt Air Force Base in Nebraska ("project"). Kiewit then entered into a subcontract ("subcontract") with FESC to perform the "integrated automation" work on the project. As required by the contract and the Miller Act, Kiewit secured payment bonds ("bonds") from Travelers to protect the companies that supplied labor and materials for the project, including FESC.

The project did not go entirely as planned. FESC alleges Kiewit's poor scheduling, mismanagement, and lack of quality control delayed construction and required FESC to provide additional labor and materials to the project in the amount of $1,996,090.76. As FESC sees it, Kiewit's "actions and inactions" materially breached the subcontract.

Kiewit maintains the project delays and disruptions were the government's fault. Kiewit states it included FESC's claims with its own claims in dispute-resolution proceedings with the government under the Contract Disputes Act ("CDA"), 41 U.S.C. § 7101 *et seq.*, as required by the subcontract and a subsequent Common Interest and Confidentiality Agreement executed by Kiewit and FESC on February 7, 2017. According to Kiewit, "the Subcontract requires FESC to refrain from pursuing or stay any Miller Act suit brought prior to the conclusion of the CDA process."

Kiewit reports a government contracting officer denied its claim on April 6, 2020. Kiewit's appeal of that decision remains pending.

On May 1, 2020, FESC sued (Filing No. 1) Travelers under the Miller Act, seeking to recover the unpaid amount on the bonds, as well as all recoverable interest, costs, and fees. Kiewit moved to intervene (Filing No. 22), which the magistrate judge granted over

---

[2]On a motion to dismiss, the Court accepts the well-pleaded factual allegations in the complaint as true. *See Stockley v. Joyce*, 963 F.3d 809, 816 (8th Cir. 2020).

FESC's objection (Filing No. 25). On September 8, 2020, the defendants filed the present motion. It is now fully briefed and ready for decision.

## II. DISCUSSION

### A. Motion to Dismiss

The defendants first move to dismiss the complaint (Filing No. 1) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In deciding a motion to dismiss, the Court considers "only the materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Cox v. Mortg. Elec. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012)).

The defendants give two grounds for dismissal. First, they argue this case should be dismissed because FESC previously certified that the government—not Kiewit—was liable for its damages. Second, they relatedly contend the case should be dismissed because FESC's claim under the subcontract depends on the outcome of Kiewit's appeal under the CDA—which remains pending. Calling FESC's claim "premature," the defendants suggest the Court could address any potential issues arising from FESC's claim by dismissing the case and tolling the applicable statute of limitation. Neither argument is persuasive.

At this early stage, the Court cannot definitively say FESC has failed to state a claim that is plausible on its face. As FESC points out, the defendants' arguments for dismissal

rely, at least to some degree, on matters outside the pleadings.[3] They also raise a number of disputed issues that will potentially require further legal and factual development, including the effect, if any, of FESC's participation in the CDA proceedings and whether any agreement FESC may have made in the subcontract regarding its claims constitutes an impermissible executory waiver of its Miller Act rights.

The defendants' motion to dismiss is denied.

### B.     Motion to Stay

The defendants' alternative motion to stay this case pending resolution of the CDA proceedings fares much better. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997) (explaining the burden of justifying a stay is on its proponent). This "Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Id*. at 706.

Section 11.1 of the subcontract, which is necessarily embraced by the complaint, requires FESC to "immediately stay" any action it brings under the Miller Act pending completion of the CDA procedures. The defendants seek to enforce that provision, which they contend will conserve judicial resources and avoid the possibility of inconsistent judgments. In support, they cite a half dozen cases to show that courts routinely stay Miller Act suits when such an unambiguous stay provision applies. *See*, *e.g.*, *United States v. Dick/Morganti*, No. C 07-02564CRB, 2007 WL 3231717, at *2 (N.D. Cal. Oct. 30, 2007) ("[W]here the unambiguous language of a subcontract provides for a stay, enforcing that language does not contravene the purposes of the Miller Act."); *United States for use & Benefit of Kingston Env't Servs., Inc. v. David Boland, Inc.*, No. CV 16-00205 DKW-RLP, 2017 WL 3763519, at *7 (D. Haw. Aug. 30, 2017) (listing cases).

---

[3]The defendants do not ask the Court to treat their motion to dismiss as one for summary judgment. *See* Fed. R. Civ. P. 12(d) (permitting conversion with notice and a reasonable opportunity to respond). Instead, they put that issue aside and assert their motion to dismiss "is still proper based on the undisputed record before the Court."

FESC counters that a stay "will serve no legitimate purpose" and will "only serve to further delay" FESC's ability to recover its damages. While FESC may now claim it does not see the purpose of a stay, it expressly agreed to the stay provision in the subcontract. And FESC does not give any compelling reason why the Court should not require FESC to hold up its end of the bargain.

The Court agrees with the defendants that these circumstances warrant a stay.

Based on the foregoing,

IT IS ORDERED:
1. The defendants' motion to dismiss is denied.
2. The defendants' motion to stay is granted. This case is stayed pending final resolution of the CDA dispute-resolution proceedings between Kiewit and the government.
3. The parties shall notify the Court within fourteen days of the resolution of those proceedings and until then, shall file a joint status report every ninety days beginning January 25, 2021.
4. The Clerk of Court is directed to set an initial Status Report Deadline of January 25, 2021.

Dated this 28th day of October 2020.

BY THE COURT:

*Robert F. Rossiter, Jr.* (signature)
Robert F. Rossiter, Jr.
United States District Judge